UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SAMUEL COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:06-cv-626-SEB-VSS |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Samuel Collins ("Collins") seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 06-02-0267. In that proceeding, he was charged with and found guilty of possession, introduction or use of any unauthorized substance. The evidence supporting this determination was a laboratory analysis of a urine specimen collected from Collins on February 10, 2006. The laboratory results showed the presence of the active ingredient for marijuana.

Collins is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Collins was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Collins received all the process to which he was entitled. His claims otherwise are unavailing.

- His first claim is that the disciplinary hearing conducted on March 2, 2006, was not conducted with the 7-day time limit established by regulations of the Indiana Department of Correction, this 7-day period commencing with the laboratory results being transmitted to prison authorities. This claim, however, was not included in his administrative appeal within the Indiana Department of Correction, and hence is procedurally defaulted unless he shows of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). He has not attempted such a showing. Apart from the question of procedural default, moreover, the asserted violation of a state prison regulation would not support federal habeas relief under § 2254(a). *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996).

- Collins' second claim is that the conduct board denied him the opportunity to present physical evidence at the disciplinary hearing. The evidence to which this claim refers is Collins' written statement outlining his view that prison regulations were violated in the proceedings. Collins made this statement directly to the board, so he conveyed his position in that fashion. Even if he had submitted the written statement to the board and it had been considered, moreover, it was not exculpatory and did not identify any deficiency under *Wolff.* Thus, Collins suffered no prejudice from the failure of the conduct board to consider the written statement at the hearing.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Collins to the relief he seeks. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/07/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana